Oscar BROOKS, Plaintiff,

v.

CHRYSLER CORPORATION, Defendant.

No. 77–402C(4).

United States District Court,
E. D. Missouri, E. D.

March 31, 1978.

As Amended June 5, 1978.

Irvin R. Zwibelman, Clayton, Mo., for plaintiff.

Edwin D. Akers, Jr., St. Louis, Mo., for defendant.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court for a ruling on the merits following a trial to the Court on alleged violations of 42 U.S.C. § 2000e *et seq.* After consideration of the matter, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff is a black male citizen of the United States residing in the Eastern District of Missouri.

2. Defendant is a corporation doing business in the State of Missouri by operation of its truck assembly plant in Fenton, Missouri.

3. Plaintiff, an employee of defendant since September 23, 1971, is a member of United Auto Workers Local 110, which is the collective bargaining representative for all production and maintenance employees at defendant's Fenton plant.

4. Defendant has issued, and plaintiff is aware of, shop rules entitled "A Guide to Good Conduct for Chrysler Employees." These rules govern the conduct of employees at the plant and provide the basis for disciplinary action.

5. On July 3, 1975, plaintiff exploded a firecracker in such a manner as to injure another employee. Said action was a violation of work rules 14 and 15.

6. Plaintiff was suspended on July 3, 1975, for his participation in this incident.

7. On July 15, 1975, plaintiff's suspension was changed to a discharge in light of his prior disciplinary record.

8. On September 19, 1977, following an appeal in the grievance procedure authorized by the Collective Bargaining Agreement, plaintiff was reinstated with full seniority to employment with defendant, but received no back pay.

9. Plaintiff's work record reveals that he received written warnings for unexcused absences on April 17, 1972; November 20, 1972; and December 9, 1974.

10. Plaintiff received a written warning for poor quality work on April 18, 1972, and a one-day disciplinary layoff for poor quality work on June 28, 1972.

11. Plaintiff received a written warning for abusive language on June 28, 1972.

12. Plaintiff received a ten-day disciplinary layoff for intoxication and fighting, a

violation of work rules 12 and 14, on May 24, 1974.

13. Plaintiff received written warnings for being out of his assigned work area on May 30, 1974, and February 17, 1975.

14. Plaintiff received a one-day disciplinary layoff for violations of work rules 3, 4, and 5 (leaving the work station, failure to exert normal effort on the job, and failure to follow instructions of the supervisor); and on April 14, 1975, plaintiff received a three-day disciplinary layoff for violations of the same rules.

15. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission following the alleged violation of 42 U.S.C. § 2000e *et seq.*

16. Plaintiff filed suit within ninety days of receipt of his right to sue letter.

## CONCLUSIONS OF LAW

1. Defendant is an employer within the meaning of 42 U.S.C. § 2000e *et seq.*

2. The Court has jurisdiction of this matter pursuant to 42 U.S.C. § 2000e *et seq.*

3. Defendant has met the burden of establishing that plaintiff was fired for good cause; specifically, for violation of work rules 14 and 15, which endangered another employee, combined with plaintiff's prior disciplinary record. *McDonnell Douglas Company v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

4. Plaintiff has failed to establish that the reasons for his firing were pretextual in nature. *McDonnell Douglas Company v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

5. Defendant shall have judgment against the plaintiff together with all costs incurred in this action.

6. Defendant's request for attorney's fees is denied because the Court does not find that plaintiff's claim was frivolous, unreasonable or without foundation.